Anne R. Barry v. Commissioner.
Barry v. Commissioner
Docket No. 43462.
United States Tax Court
T.C. Memo 1954-145; 1954 Tax Ct. Memo LEXIS 100; 13 T.C.M. (CCH) 852; T.C.M. (RIA) 54251; August 31, 1954, Filed *100 Charles A. Scharf, Esq., for the petitioner. George E. Grimball, Jr., Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $2,372.03 for 1947. The only issue is whether a debt which became worthless during 1947 was a business or non-business bad debt. Findings of Fact The petitioner filed her return for 1947 with the collector of internal revenue for the Third District of New York. The petitioner loaned $8,460.03 in 1946 to Plumas Mining Company and the debt became worthless in 1947. She claimed the amount on her 1947 return as a business bad debt. The Commissioner, in determining the deficiency, held that the amount was a non-business bad debt under section 23(k)(4) to be taken into account as a short-term capital loss. The debt which became worthless in 1947 was a non-business bad debt. The stipulation is incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner owned almost 10 per cent of the stock of Buona Terra Corp., a corporation engaged in the business of buying and operating real estate properties, from 1942 through 1947. She owned 1.764 per cent of the stock *101 of Siva, S. A., a corporation engaged in exporting machinery, Ford cars and refrigerators to Colombia, South America. She owned 2 per cent of the stock of Siva, Inc., a corporation engaged in expediting the shipment of goods to Siva, S. A. All three were owned by members of the petitioner's family, which maintained an office in New York with a few paid employees to manage those corporations. The petitioner, who was born in 1923, discussed the affairs of those corporations occasionally at the office and elsewhere with her father and her three brothers. The petitioner was married in 1945. The husband of the petitioner became interested in and investigated a mining property in California. He told the petitioner about it. She acquired a minority stock in interest in Plumas Mining Company, which was organized to operate the property, and a like interest in Plumas Land Company, which was organized to hold title to the mining property. The petitioner loaned money to each Plumas corporation, as did other stockholders. Her loans to Plumas Mining Company were evidenced only by entries on the books of the debtor, they bore no interest, and they were payable when and if the corporation was in *102 position to repay them. The petitioner's husband was treasurer and a director of each Plumas corporation and kept in close touch with their affairs. The petitioner visited the mine in 1946 and discussed the affairs of the mining company with her husband frequently. The petitioner and her husband became interested in the Princeton China Corporation with Bernard Lipman. The petitioner subscribed $5,000 for stock in that corporation in 1951 and loaned it $7,500 in 1951. Her husband became an officer in that corporation. The petitioner was not in business of lending money during 1947. The petitioner reported for 1947 dividends of $827.03, interest of $450, and $12,751.01 of trust income. The record as a whole does not support the contention of the petitioner that she was engaged in the business "of promoting and taking an active part in various business enterprises, both directly and through agents," in which the bad debt was incurred. Her investments and activities in the family corporation and her later investments and loans in which she was influenced by her husband do not show that she was engaged in any business to which the bad debt was proximately related. Decision will be entered *103 for the respondent.